Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> PAPÉ MATERIAL HANDLING, INC., and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT—TITLE VII** <br> • **National Origin Harassment** <br> • **Constructive Discharge** <br><br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on national origin (Hispanic) and to provide appropriate relief to Charging Party Marin Ayala and other individuals who were adversely affected by such practices. As set forth with greater particularity in paragraphs 19 to 24 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Papé Material Handling, Inc. ("Defendant"

1  or "Papé") subjected Charging Party Marin Ayala ("Charging Party") and other adversely

2  employees to harassment based on their national origin (Hispanic or Mexican) during their

3  employment with Defendant, resulting in their constructive discharge.

4                        **JURISDICTION AND VENUE**

5          1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

6  1343 and 1345.  This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title

7  VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII")

8  and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

9          2.      The employment practices alleged to be unlawful were and are now being

10  committed within the jurisdiction of the United States District Court for the Eastern District of

11  California.

12                              **PARTIES**

13          3.      Plaintiff is an agency of the United States of America charged with the

14  administration, interpretation and enforcement of Title VII, and is expressly authorized to bring

15  this action by §§ 706(f)(1) and (3), Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

16          4.      At all relevant times, Defendant Papé has continuously been doing business in

17  Fresno County.

18          5.      At all relevant times, Defendant Papé has continuously been a corporation doing

19  business in the State of California, and continuously had at least 15 employees.

20          6.      At all relevant times, Defendant Papé has continuously been an employer engaged

21  in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title

22  VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

23          7.      All acts and failures to act alleged herein were duly performed by and attributable

24  to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint

25  employer, integrated enterprise and/or or under the direction and control of the others, except as

26  specifically alleged otherwise.  Said acts and failures to act were within the scope of such agency

27  and/or employment, and each Defendant participated in, approved and/or ratified the unlawful

28  acts and omissions by the other Defendants complained of herein.  Whenever and wherever

1   reference is made in this Complaint to any act by a Defendant or Defendants, such allegations

2   and reference shall also be deemed to mean the acts and failures to act of each Defendant acting

3   individually, jointly, and/or severally.

4         8.      Plaintiff is ignorant of the true names and capacities of each defendant sued as

5   DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names.

6   Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or

7   corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner

8   responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to

9   allege such responsibility when the same shall have been ascertained by Plaintiff.

10                              **STATEMENT OF CLAIMS**

11        9.      More than thirty days prior to the institution of this lawsuit, Charging Marin

12   Ayala filed a charge of discrimination with Plaintiff alleging violations of Title VII by Papé.

13        10.     Subsequent to Charging Party Marin Ayala filing of the charge of discrimination,

14   the Commission investigated Ayala's allegations against Papé .

15        11.     On June 2, 2017, the Commission issued to Papé  a Letter of Determination

16   finding reasonable cause to believe that Charging Party had been subjected to harassment due to

17   his national origin, disciplined in retaliation for opposing discrimination, and constructively

18   discharged.  The Commission further found that other employees had been subjected to

19   harassment due to their national origin.  The Commission then invited Defendant to join with the

20   Commission in informal methods of conciliation to endeavor to eliminate the discriminatory

21   practices and provide appropriate relief.

22        12.     The Commission engaged in communications with Defendant in providing

23   Defendant the opportunity to remedy the discriminatory practices described in the Letter of

24   Determination.

25        13.     The Commission was unable to secure from Defendant a conciliation agreement

26   acceptable to the Commission.

27        14.     On September 1, 2017, the Commission issued to Defendant a Notice of Failure

28   of Conciliation.

1    15.    All conditions precedent to the institution of this lawsuit have been fulfilled.

2    16.    Since at least 2012, Defendant has engaged in unlawful employment practices in

3    violation of §§ 703(a) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a) and 2000e-3(a) by

4    subjecting Charging Party and a class of individuals (collectively, "adversely affected

5    employees") who were also subjected to a hostile work environment, which in some

6    circumstances resulted in their constructive discharge.

7    17.    At all relevant times, Defendant Papé  has been a company operating in the sale,

8    rental, and servicing of forklift products with a facility in Fresno, California.

9    18.    From at least 2015 to the present, Defendant Papé has had over 1,000 employees

10   nationwide.

11   19.    Since at least 2012, Charging Party and other employees have been subjected to

12   ongoing and unwelcome harassment based on their national origin (Hispanic or Mexican),

13   including but not limited to weekly and at times daily use of derogatory phrases such as

14   "wetbacks" "fucking Mexicans," "niggers," mocking of Hispanic employees' accents, saying

15   Mexicans should go back to where they came from, threatening to beat up Hispanic employees,

16   and bragging about membership in white supremacists groups.

17   20.    The harassment was sufficiently severe or pervasive to alter the conditions of

18   Charging Party and other adversely affected employees' employment and created a hostile work

19   environment.

20   21.    Charging Party and other adversely affected employees did not welcome the

21   harassment. Charging Party and other adversely affected employees objected to the harassing

22   conduct, complaining to Papé's human resource personnel, their supervisors and/or filing a

23   Charge of Discrimination with the EEOC.

24   22.    Defendant Papé  knew or should have known of the harassment because the

25   harassment was constant and perpetrated in front of supervisors. Furthermore, Charging Party

26   and other adversely affected employees complained about the harassment to their supervisors,

27   Human Resources, and/or to the EEOC, which then notified Defendant about the complaints.

28   / / /

23.    Defendant failed to take prompt and effective remedial action reasonably calculated to end the harassment, including but was not limited to failing to conduct an adequate investigation and adequately disciplining harassing coworkers.

24.    For some employees, the harassment resulted in their resignation because of the intolerable working conditions created by the hostile work environment.

25.    The effect of the practices complained of in paragraphs 19 to 24 above has been to deprive Charging Party and other adversely affected individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin.

26.    The unlawful employment practices complained of in paragraphs 19 to 24 above were intentional and caused Charging Party and adversely affected employees to suffer emotional distress.

27.    The unlawful employment practices complained of in paragraphs 19 to 24 above were and are done with malice or with reckless indifference to the federally protected rights of Charging Party and other adversely affected individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, their officers, successors, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with each of them, from engaging in national origin harassment, retaliation, and any other employment practices which discriminate based on national origin.

B.    Order Defendant to institute and carry out policies, practices, and programs to ensure which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Charging Party Marin Ayala and other adversely affected employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects

1  of its unlawful employment practices, including but not limited to back pay, reinstatement, or

2  front pay in lieu thereof.

3        D.     Order Defendant to make Charging Party Marin Ayala and other adversely

4  affected employee whole by providing compensation for past and future pecuniary losses,

5  including but not limited to out-of-pocket expenses suffered by him which resulted from the

6  unlawful employment practices described above in the amounts to be determined at trial.

7        E.     Order Defendant to make Charging Party Marin Ayala and other adversely

8  affected employees whole by providing compensation for non-pecuniary losses resulting from

9  the unlawful employment practices described above in amounts to be determined at trial.  The

10  non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish,

11  humiliation and loss of enjoyment of life, in amounts to be determined at trial.

12        F.     Order Defendant to pay Charging Party Marin Ayala and other adversely

13  affected employees' punitive damages for its malicious and/or reckless conduct in an amount to

14  be determined at trial.

15        G.     Award the Commission its costs of this action.

16        H.     Grant such further relief as the Court deems necessary and proper in the public

17  interest.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

## JURY TRIAL DEMAND

2   The Commission requests a jury trial on all questions of fact raised by its Complaint.

3

4 Dated: September 25, 2017     Respectfully Submitted

5

6                 JAMES LEE,
                 Acting General Counsel

7                 GWENDOLYN YOUNG REAMS,

8                 Associate General Counsel

9                 U.S. EQUAL EMPLOYMENT
                 OPPORTUNITY COMMISSION

10               131 "M" Street, N.E.

11               Washington, D.C.  20507

12

13        By:

14               ANNA Y. PARK,
               Regional Attorney,

15               Los Angeles District Office
               U.S. EQUAL EMPLOYMENT

16               OPPORTUNITY COMMISSION

17

18

19

20

21

22

23

24

25

26

27

28