Anna Y. Park, SBN 164242
Sue Noh, SBN 192134
Rumduol Vuong, SBN 264392
Lorena Garcia-Bautista, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, <br><br> vs. <br><br> PAPE MATERIAL HANDLING, INC., AND DOES 1-10, <br> Defendant. | Case No: 1:17-cv-01291-AWI-BAM <br><br> ~~[PROPOSED]~~ CONSENT DECREE <br><br> The Honorable Anthony W. Ishii <br> Senior United States District Judge |

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Pape Material Handling, Inc. (hereinafter "Defendant") agree to the entry of this Consent Decree to resolve the EEOC's Complaint, filed under Title VII of the Civil Rights Act, as amended, 42 U.S.C.

-1-

section 2000e et seq. ("Title VII"). The EEOC's complaint alleges that Marin Ayala and a class of other adversely Hispanic and/or Mexican employees (collectively hereinafter "Claimants") were discriminated against by Defendant at Defendant's location at 3732 S. Bagely Ave., Fresno, California 93725 ("Defendant's Fresno Facility"). Specifically, the complaint alleges that the Claimants were subjected to harassment on the basis of their national origin, Hispanic and/or Mexican, in violation of Title VII at Defendant's Fresno Facility. In further violation of Title VII, the complaint alleges that some of the Claimants were constructively discharge as a result of the harassment at Defendant's Fresno Facility. Defendant denies any wrongdoing as alleged in the complaint.

## I.  PURPOSES AND SCOPE OF THE CONSENT DECREE

A.   The Parties to this Consent Decree ("Decree") are the EEOC and Defendant (collectively, the "Parties"). This Decree shall be binding on and enforceable against Defendant, and its parents, subsidiaries, officers, directors, agents, successors, and assigns.

B.   The Parties have entered into this Decree for the following purposes:

1.   To provide the appropriate monetary and injunctive relief;

2.   To ensure that Defendant's employment practices comply with federal law;

3.   To ensure a work environment free from discrimination;

4.   To modify Defendant's policies, procedures, and practices regarding employment discrimination;

5.   To ensure training for Defendant's employees with respect to the pertinent laws against race-based discrimination/harassment, disparate treatment on the basis of race, and any subsequent retaliation in the workplace;

6. To provide an appropriate and effective mechanism for handling complaints of race-based discrimination/harassment, disparate treatment, and any subsequent retaliation;

7. To ensure effective record-keeping procedures; and

8. To avoid expensive and protracted costs incident to this litigation.

## II. RELEASE OF CLAIMS

A. This Decree fully and completely resolves between the EEOC and Defendant all claims that are raised by the EEOC against Defendant in the Complaint originally filed in the United States District Court, Eastern District of California on September 27, 2017, now captioned U.S. Equal Employment Opportunity Commission v. Pape Material Handling, Case No. 1:17-cv-01291-AWI-BAM, (the "Complaint").

B. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained here.

C. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII and any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures. This Decree shall in no way hinder or affect an individual's right to file a charge with the EEOC or applicable state agency, participate in a federal or state investigation, or the EEOC's investigation and determinations into such charges.

//

//

### III. JURISDICTION

A.     This Court has jurisdiction over the Parties and the subject matter of this Action. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.     The terms and provisions of this Decree are fair, reasonable, and just.

C.     This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

D.     The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided here.

### IV. EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.     Except as otherwise provided herein, the Decree shall remain in effect for three (3) years after the Effective Date. However, if Defendant complies with all of the terms of this Decree, this Decree will sunset six (6) months before the expiration described in the preceding sentence if the EEOC decides so based on the EEO Monitor's recommendation to the Commission that the additional six (6) months is not necessary and that the Defendant has achieved measurable results to invoke the sunset provision. Although the EEOC's decision to invoke the sunset provision will not be arbitrarily withheld, the EEOC has sole discretion to decide on whether the Decree can sunset in two and a half (2.5) years. The EEO Monitor shall submit a report to the EEOC addressing whether the Decree should sunset 30 days prior to the two and a half years of the Decree's Effective Date as set forth above. The Report shall also provide whether all the intended changes were accomplished to justify the Decree to sunset or whether additional time is needed

-4-

to achieve the results intended under the Decree. Defendant shall make available information sought by the Monitor to make the assessment.

## V. MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C. By mutual agreement of the Parties, this Decree may be amended or modified in a writing signing by all Parties in the interests of justice and fairness to effectuate the provisions of the Decree.

## VI. COMPLIANCE AND DISPUTE RESOLUTION

A. The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such petition or action, the EEOC will notify Defendant's legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes has/have been breached. Defendant shall have twenty-one (21) days from receipt of EEOC's written notice of the alleged breach to attempt to resolve or cure the breach. However, the Parties may agree to extend this period upon mutual consent.

B.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's written notice required by Section VI(A) of this Decree.

C.     After thirty (30) days, inclusive of the twenty-one (21) days to resolve or cure the breach referenced in Section VI.A, have passed from the written notice with no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute. The EEOC may seek all available relief, including, but not limited to, an extension of the terms of the Decree for such period of time the Court finds the Decree was not complied with and/or any other relief that the Court may deem appropriate.

D.     In the event Defendant fails to make any payment in accordance with Section VII below, the above-noted dispute resolution process shall not apply. Rather, if the EEOC has reason to believe that Defendant has failed to comply with any payment described in Section VII below, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant and its legal counsel of record, in writing, of the non-payment. Defendant shall have ten (10) days from the EEOC's written notice to cure the breach. If the breach has not been cured within ten (10) days of receipt of the EEOC's written notice, the EEOC may petition this Court for resolution, seeking all available relief and/or any other relief the Court may deem appropriate.

E.     In the event of exigent circumstances, the EEOC may petition the Court for resolution of the dispute without adhering to the provision described in Section. However, even in the event of exigent circumstances, the EEOC will make a reasonable and diligent effort to resolve the issue directly with Defendant prior to petitioning the Court for relief.

//

//

-6-

## VII. MONETARY RELIEF

A.     In settlement of this lawsuit, Defendant agrees to pay a total gross sum of Six-Hundred Fifty-Thousand Dollars and Zero Cents ($650,000.00) (referred to herein as the "Gross Settlement Sum"). The Gross Settlement Sum is inclusive of all monetary relief to be paid to Claimants and is inclusive of all damages, costs, and attorney's fees incurred by any Claimant, and/or the EEOC in connection with any of the claims asserted in, or related to, the Complaint. For those Claimants who have asserted constructive discharge claims, a portion, which will be determined by the EEOC, will be allocated as back-pay damages. Designation, characterization, and/or allocation of the monetary relief to the Claimants shall be at the sole discretion of the EEOC.

B.     The EEOC shall inform Defendant the distribution of the monetary relief among the Claimants, including an amount of back pay damages, if applicable. Within twenty-one (21) days after being informed of the allocation, Defendant shall forward payment to the Claimants via first class mail.

C.     Defendant shall prepare and distribute Form 1099 or equivalent tax reporting forms to Claimants identified by the EEOC and shall make the appropriate reports to the Internal Revenue Service and other tax authorities.

D.     Within seven (7) business days of the issuance of the settlement checks, Defendant shall submit a copy of each check and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

## VIII. CLAIMANT SPECIFIC INJUNCTIVE RELIEF

Within twenty-one (21) days of the Effective Date of this Decree, Defendant shall:

A.     Remove from Claimants' personnel file(s) all references to the charges of discrimination filed against Defendant or his/her participation in this action.

-7-

B.     To the extent that Defendant must keep records of the charge of discrimination or each Claimants' involvement in the Action in order to effectuate this Decree, maintain said records separately and segregated from Claimants' personnel files.

C.     Refrain from providing negative references and limit employment reference inquiries related to Claimants to verifying whether the identified Claimant was employed by Defendant, the Claimant's rates of pay, and the time period of such employment.

## IX.     GENERAL INJUNCTIVE RELIEF

A. Anti-Racial Harassment

Defendant, its officers, agents, management (including all supervisory employees and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (1) subjecting individuals to harassment based on their race; (2) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of subjecting any employee to disparate treatment on the basis of race; and (3) creating, facilitating or permitting the existence of a work environment that is hostile to Hispanic or Mexican employees.

B. Anti-Retaliation

Defendant, its officers, agents, management (including all supervisory employees and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant, or either of them, because he or she has in the past, or during the term of this Decree: (1) opposed any practice made unlawful under Title VII; (2) filed a charge of discrimination alleging such practice; (3) testified or participated in any manner in

-8-

any investigation (including without limitation, any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (4) was identified as a possible witness or claimant in this action; (5) asserted any rights under this Decree; or (6) sought or received any relief in accordance with this Decree.

## X.    SPECIFIC INJUNCTIVE RELIEF

A.    Equal Employment Opportunity Consultant

Within sixty (60) days after the Effective Date, Defendant shall retain an Equal Employment Opportunity Consultant ("Monitor") with demonstrated experience in the area of employment discrimination to implement and monitor Defendant's compliance with Title VII and the provisions of this Decree. The Monitor shall be subject to the EEOC's approval, which shall not be unreasonably withheld. If the EEOC does not approve Defendant's proposed Monitor, the EEOC shall provide Defendant with a list of at least three suggested candidates acceptable to the EEOC. Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her/its duties. Should the Monitor be unable or unwilling to continue as a Monitor for the duration of the Decree, the procedures set forth in this Section shall also apply to the selection of a new Monitor.

The Monitor's responsibilities shall include the following:

1.    Reviewing and revising Defendant's policies and procedures, including its complaint procedures, relating to anti-discrimination, anti-harassment, and anti-retaliation, to ensure that it fully complies with Title VII and the requirements set forth in this Decree;

2.    Ensuring Defendant maintains policies and procedures that effectively carry out its obligations under Title VII and this Decree;

3. Ensuring that all employees are trained on their rights and responsibilities under Title VII, including but not limited to Defendant's responsibilities and policies regarding anti-harassment and anti-retaliation;

4. Ensuring that all employees are trained on how to complain regarding harassment and retaliation as well as monitoring Defendant's investigation into such information;

5. Ensuring that all employees are trained on Defendant's policies and procedures relating anti-discrimination, anti-harassment, and anti-retaliation and ensuring that all of Defendant's managerial and human resources employees are trained on policies and procedures relating to race-based discrimination, harassment, and retaliation;

6. Ensuring Defendant has procedures in place to promptly and effectively handle complaints of harassment and retaliation;

7. Monitoring and assuring the adequate investigation of all complaints of race-based discrimination, harassment, and/or retaliation, including:

     i. Ensure that investigations are conducted in an effective manner;

     ii. Ensure that Defendant properly communicates with complainants regarding the complaint procedure, status of the investigation, results of the investigation, and any remedial action taken;

     iii. Ensure that Defendant adequately monitors the workplace after complaints to ensure no retaliatory actions are taken against the complainant;

     iv. The Monitor will provide a prompt assessment to Defendant of the handling of their investigations into complaints arising out of Defendant's Fresno Facility and

provide recommendations, if necessary, on how investigations may be more effective.

    v.     Subsequently, the Monitor shall report to the EEOC an overall assessment of Defendant's investigations and any remedial measures enacted to ensure more effective investigations.

8.    Assisting Defendant in creating a centralized system of tracking discrimination, harassment, and retaliation complaints;

9.    Reviewing complaints of discrimination, harassment or retaliation made to Defendant to ensure that Defendant is acting appropriately in following through with complaints of discrimination, harassment and/or retaliation;

10.    Ensuring that all reports required by this Decree are accurately compiled and timely submitted;

11.    Ensuring that Defendant's performance and discipline policies hold employees and managers accountable for, as applicable, failing to take appropriate action regarding complaints of discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

12.    Conducting, monitoring and/or reviewing the audits as described below;

13.    Measuring how quickly investigations are being conducted and how effective are such investigations;

14.    Assessing and measuring if employees are understanding the equal employment opportunity training(s) (as required below) and effectiveness of such training(s); and

-11-

15.  Ensuring compliance with the terms of this Decree.

B.  EEO Audits

1.  Defendant shall conduct audits at Defendant's Fresno location. The purpose of the audits are to assist the parties to determine the impact and effectiveness of the remedies sought herein. Specifically, the audits are to determine whether the changes in polices, the training, and investigations are effective and have changed the environment to address the issues identified by the EEOC. In addition, the audits shall be conducted to determine the issues in the workplace. The audits shall occur after the final policies and complaint procedures are distributed to the employees and after the initial training at those locations to ensure that the policies and procedures have been received by the employees and to ensure compliance with the anti-harassment and anti-retaliation policies and procedures. The audits shall seek information regarding whether the employee has experienced or witnessed racial harassment or retaliation during their employment with Defendant and to assess whether the Defendant have effectively addressed the issues in this case. The audits shall instruct the employees to return their responses directly to Defendant's human resources in a pre-addressed stamped envelope to be provided with the audits. Annual audits shall be conducted to continue to assess the progress by the Defendant. The EEO Monitor shall have unhindered access to the information provided in the audits.

2.  Any audit responses that identify recent racial harassment or retaliation issues shall be promptly investigated by Defendant consistent with the requirements of this Decree.

3.  To the extent the audit identifies any particular area where there are multiple allegations of racial harassment and/or retaliation, the EEO Monitor may direct Defendant to provide additional training and/or to conduct additional audits at that particular area.

4.    In addition as part of the audits, Defendant shall track whether the alleged harasser(s) are engaging in harassment and/or retaliation and whether preventative and corrective measures are taken.

5.    A summary of the results of the audits (including but not limited to the tracking of whether the alleged harasser(s) are engaging in harassment and/or retaliation and whether preventative and corrective measures were taken) shall be submitted to the EEO Monitor and the EEOC as feedback and as part of the report as set forth below.

C.    Policies and Procedures

Within thirty (30) days of the Effective Date, Defendant, with the assistance of its Monitor, shall review and, if necessary, revise, implement and distribute company-wide its policies against and complaint procedures regarding employment discrimination, harassment, and retaliation prohibited by Title VII (the "Policy").

1.    Revision of Policy

The revised Policy shall include:

a.    A clear statement regarding Defendant's commitment to prevent discrimination, harassment, and retaliation;

b.    a clear explanation of prohibited conduct under the Policy, including an explanation that harassment and discrimination on the basis of race, color, national origin, sex, age, disability, creed/religion, or any other protected class, and retaliation is prohibited with a particular emphasis that Defendant will not tolerate any incidents racial harassment or retaliation;

c.    an assurance that employees who make complaints of discrimination and/or harassment or provide information related to such complaints will be protected from retaliation;

d.     a clearly described complaint process that provides accessible and confidential avenues for complaints, including information regarding an internal and external person whom employees may report incidents of discrimination and retaliation;

e.     an assurance that Defendant will protect the confidentiality of complainants to the extent possible from being disclosed to those persons who do not need to know;

f.     assurances that the complaint process will include a prompt, thorough, and impartial investigation;

g.     a procedure for communicating with the complainant regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken;

h.     a requirement that any employee in a supervisory position who receives a complaint, whether formal or informal, written or verbal, shall report such complaint to the human resources department within the next business day or within 48 hours of receiving said complaint;

i.     an assurance that Defendant's disciplinary policies hold employees, managers, supervisors and human resources accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

j.     assurance that Defendant will take immediate and appropriate corrective action if it determines that discrimination, harassment and/or any retaliation has occurred; and

k.     designation of at least one human resources employee to receive and process all racial/race-based discrimination, harassment, and retaliation complaints.

### 2. Procedure for Tracking Complaints

Defendant further agrees that the Policy described above shall describe the process by which Defendant's employees will handle complaints of discrimination. The Policy shall at minimum provide that (1) upon a complaint by an employee or any other form of notice, the employee receiving the complaint shall inform their immediate supervisor and/or Human Resources; (2) Human Resources shall conduct a prompt and thorough investigation of all complaints, including but not limited to interviewing the complaining party, the alleged perpetrator, and all available or identifiable witnesses; (3) Human Resources and Defendant's employees shall take all reasonable steps to maintain confidentiality; (4) at the conclusion of the investigation, Defendant shall take all appropriate steps to remedy and prevent future incidents of discrimination, harassment, and retaliation; (5) Human Resources shall communicate the findings of the investigation to the complaining party; and (6) Defendant shall monitor the work place subsequent to the investigation to ensure that no retaliatory acts have been taken against the complaining party. Defendant further agrees to implement, with the assistance of the Monitor, a centralized system for tracking, gathering, and retaining discrimination, harassment, and retaliation complaints.

### D. Distribution of Policy

1. Within forty-five (45) days of the Effective Date, Defendant shall provide to the EEOC a copy of the revised Policy. Within sixty (60) days of the Effective Date and annually thereafter, Defendant shall ensure that it has distributed the Policy to all employees in a language the employee understands. Within seventy-five (75) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy.

Within thirty (30) days of the hire date of any person hired after the initial distribution but within the term of the Decree, Defendant shall ensure that it has

distributed the Policy to that employee in a language the employee understands. On an annual basis for the duration of the Decree, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy to any person hired after the initial distribution but within the term of the Decree.

Within sixty (60) days of the Effective Date, Defendant shall ensure that it has physically posted the Policy in legible font. The Policy shall be posted in a conspicuous place at Defendant's Fresno Facility in an area accessible to all employees. Within seventy-five (75) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the posting of the Policy.

E.    Performance Evaluations

Within sixty (60) days of the Effective Date, Defendant shall create a provision in the annual performance evaluation of its managers, supervisors, and human resources personnel to hold individuals accountable for complying with EEO laws and following Defendant's policies and procedures as it relates to reporting incidents of harassment/discrimination, or retaliation, or for engaging in harassment/discrimination or retaliation. Defendant shall also report to the Monitor individuals who work(ed) at Defendant's Fresno Facility who have been held accountable for not following this provision.

F.    Posting of Notice of Consent Decree and Settlement

Within ten (10) days after the Effective Date and for the duration of the Decree, Defendant shall ensure that it has posted the Notice of Consent Decree and Settlement (attached to this Decree as Attachment A) in a conspicuous place accessible at Defendant's Fresno Facility. Within thirty (30) days of the Effective Date and annually thereafter, Defendant shall submit to the EEOC a statement confirming the posting of the Notice of Consent Decree and Settlement.

G.    Equal Employment Opportunity Training

1.    Training for All Employees

-16-

Within sixty (60) days after the Effective Date and annually thereafter, Defendant, with the assistance of the Consultant, if necessary, shall provide to its non-managerial employees at Defendant's Fresno Facility, training(s) of at least one (1) hour in duration about its policy against and complaint procedure for discrimination, harassment, and retaliation, and federal laws regarding employment discrimination with a particular emphasis on racial discrimination/harassment and retaliation. This training shall be in person live and have interactive components.

Where an employee is unable to attend the scheduled training, Defendant shall provide a live or module training at an alternative session within sixty (60) days of the original training. All persons required to attend such training shall verify their attendance in writing.

Within sixty (60) days of the hire date of any non-managerial employee hired at Defendant's Fresno Facility after the annual training but within the term of the Decree, Defendant shall provide a live or module training of at least one hour duration. The training shall be in a language employees understand and shall cover the Policy, Defendant 's complaint process, and federal laws regarding employment discrimination with a particular emphasis on race and national origin discrimination. All persons required to attend such training shall verify their attendance in writing.

2.   Managerial and Supervisor Training

Within ninety (90) days of the Effective Date and annually thereafter, Defendant shall provide an additional training to its managers and/or supervisors at Defendant's Fresno Facility. The training shall be at least two (2) hours in duration. The live or module training must include interactive training and shall cover: manager's obligations and responsibilities under Defendant's Policy, Defendant's complaint process and procedures, procedures and steps supervisors and managers shall take in responding to incidents of discrimination or retaliation

-17-

1  which they become aware of, and federal laws regarding employment
2  discrimination. The training of managerial employees shall additionally include
3  training on how to receive, investigate, or report to designated officials complaints
4  of discrimination, harassment, and retaliation; and how to take preventive and
5  corrective measures against discrimination, harassment and any subsequent
6  retaliation. The training of managerial employees shall also instruct managers of
7  their responsibility to promptly inform the human resources department of all
8  complaints, and instruct managers on the prohibition against retaliation. Any
9  managerial employees who received this training in the twelve-month period
10  before the Effective Date shall be relieved of this requirement, and instead shall be
11  provided with such training within twelve months of their prior training and
12  annually thereafter.

13      Where an employee is unable to attend the scheduled training, Defendant
14  shall provide a live or module training at an alternative session within ninety (90)
15  days of the original training. All persons required to attend such training shall
16  verify their attendance in writing.

17      Within ninety (90) days of the hire date of any manager and/or supervisor
18  hired after the annual training, Defendant shall provide a live or module training of
19  at least two hours duration. The training shall cover the Policy, Defendant's
20  complaint process, and federal laws regarding employment discrimination with a
21  particular emphasis on racial discrimination/harassment and retaliation. Where a
22  manager, supervisor, or human resource personnel misses or is unable to attend the
23  scheduled training, Defendant shall provide the live or module training at an
24  alternative session within ninety (90) days of the training. All persons required to
25  attend such training shall verify their attendance in writing.

26      3.    Human Resource Training

27      Within ninety (90) days of the Effective Date and annually thereafter,
28  Defendant shall provide an additional training to its hiring officials and/or human

resources personnel company-wide.  The training shall be at least two (2) hours in duration.  The live or module training must include interactive training and shall cover: hiring officials and/or human resources personnel's obligations and responsibilities under Defendant's Policy, Defendant's complaint process and procedures, procedures and steps hiring officials and/or human resources personnel shall take in responding to incidents of discrimination or retaliation which they become aware of, and federal laws regarding employment discrimination. The training of hiring officials and/or human resources personnel shall additionally include training on how to receive and investigate complaints of discrimination, harassment, and retaliation; and how to take preventive and corrective measures against discrimination, harassment and any subsequent retaliation.   Any hiring officials and/or human resources personnel who received this training in the twelve-month period before the Effective Date shall be relieved of this requirement, and instead shall be provided with such training within twelve months of their prior training and annually thereafter.

Where an employee is unable to attend the scheduled training, Defendant shall provide a live or module training at an alternative session within ninety (90) days of the original training.  All persons required to attend such training shall verify their attendance in writing.

Within ninety (90) days of the hire date of any hiring official and/or human resources personnel/compliance staff member hired after the annual training, Defendant shall provide a live or module training of at least two hours duration. The training shall cover the Policy, Defendant's complaint process, and federal laws regarding employment discrimination with a particular emphasis on racial discrimination/harassment and retaliation.  Where a hiring official and/or human resource personnel misses or is unable to attend the scheduled training, Defendant shall provide the live or module training at an alternative session within ninety (90)

days of the training. All persons required to attend such training shall verify their
attendance in writing.

    4.   Verification of Training

     The EEOC shall have the right to attend the trainings described in the
Decree and to review training materials. Thirty (30) days prior to any training,
Defendant shall provide written notice to EEOC including the time, location, name
and contact information of the trainer. The written notice shall be sent via U.S.
Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment
Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles,
California, 90012.

     Thirty (30) days prior to the occurrence of any trainings mentioned above,
Defendant shall submit all training materials for the EEOC's review of the training
materials and Defendant shall work with the EEOC to effectuate any modifications
proposed by the EEOC to the training materials.

     Within ninety (90) days of the Effective Date and annually thereafter,
Defendant shall produce to the EEOC documents verifying the occurrence of all
training sessions conducted as required under this Decree, including the written
training materials used, a description of the training provided, a list of the
individuals who conducted the training, and a list of the names and job titles of
attendees at each training session.

### XI.   RECORD KEEPING AND REPORTING

A.   Record Keeping

     Within thirty (30) days of the Effective Date, Defendant shall work with the
Monitor to establish a record-keeping procedure that provides for the centralized
tracking of complaints in about racial / race-based discrimination, harassment, and
retaliation. The records to be maintained shall include:

    1.   All documents generated in connection with Defendant's
       compliance with the Decree;

2. All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination, harassment, and retaliation for the duration of the Decree and the identities of the parties involved;

3. All forms acknowledging each employee's receipt of Defendant's revised policy and complaint procedure against discrimination, harassment, and retaliation; and

4. A list of the dates of the training required under this Decree that shows the names and positions of all attendees for each one.

Defendant shall also track records of the complaint to enable the Monitor to identify any repeat offenders and supervisors who repeatedly fail to prevent and correct discrimination or retaliation.

Defendant shall provide to the Commission upon request all documents generated in connection with any Title VII complaint, investigations, and resolutions. The Commission shall give Defendant 30 days-notice of any request for documents pursuant to this paragraph.

B. Reporting

Defendant through its Monitor shall prepare a semi-annual report on Defendant's progress and its compliance under this Decree. Additionally, Defendant through its Monitor shall provide to the EEOC the following semi-annual reports (with the last reporting one month before the end of the Consent Decree) for the term of the Decree:

1. verification that the Notice of Consent Decree (Attachment A) has been posted in compliance with the Consent Decree;

2. its policy against and complaint procedure for discrimination, harassment, and retaliation after consultation with the EEO Monitor in compliance with the Consent Decree;

-21-

3. verification that its current or revised policy and complaint procedure for discrimination, harassment, and retaliation have been posted in compliance with the Consent Decree;

4. verification of the distribution to Defendant's employees of its policy against and complaint procedure for discrimination, harassment, and retaliation in compliance with the Consent Decree; and the employee's acknowledgments of the receipt of the policy and complaint procedure;

5. a copy of Defendant's training materials and schedule of training;

6. verification that all applicable managerial and non-managerial employees have been trained in compliance with the Consent Decree;

7. the signed acknowledgments of the employees who have been trained in compliance with the Consent Decree;

8. verification that a record keeping system has been established for the tracking of discrimination, harassment complaints, the employees' acknowledgment of the receipt of Defendant's policy and complaint procedure for discrimination, harassment, and retaliation; and for the attendance /completion of all of its employees in training concerning its policy against and complaint procedure for discrimination, harassment, and/or retaliation in compliance with the Consent Decree; and

9. a summary report of their investigation into any complaint about discrimination, harassment, and/or retaliation for complaining about discrimination and/or harassment at Defendant's Fresno Facility. The investigation report shall include the following for each complaint during the reporting period:

(1) the name and title of the complaining party(ies);

(2) the date of the complaint;

(3) the name and title of the alleged harasser(s);

-22-

(4) the name and title of the person(s) who conducted the
investigation into the complaint;

(5) the nature of the complaint;

(6) the date of the commencement and completion of the
investigation;

(7) a brief description of the investigation (i.e. number of persons
interviewed, materials reviewed);

(8) the outcome of the investigation and any action taken; and;

(9) whether previous discrimination and/or harassment complaints had
been made regarding the alleged harasser(s). If so, the report should
also include the outcome of the prior investigations.

10. Report of the audits set forth above (including but not limited to the tracking of whether the alleged harasser(s) are engaging in harassment and/or retaliation and whether preventative and corrective measures were taken).

All reports under this Paragraph shall be directed to: U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

Within thirty (30) days of receipt of Defendant's Report, the EEOC may request in writing for additional information and/or the investigative file of the complaints and investigation reported in the Report. Within thirty (30) days of the receipt of the EEOC's request for additional information and/or the investigative file(s), Defendant is to provide the requested information and investigative file(s).

## XII. MISCELLANEOUS PROVISIONS

A. During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest or prospective purchaser with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of Defendant. Defendant

shall simultaneously inform the EEOC of any such agreement for acquisition or assumption of control.

B.  During the term of this Decree, Defendant shall assure that each of its affiliates, officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.  Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012; facsimile number (213) 894-1301.

D.  This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

### XIII.    COSTS AND ATTORNEYS' FEES

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree, including but not limited to the distribution of the settlement money as well as any costs associated with the Monitor. Each party shall bear its own costs of suit and attorneys' fees.

All Parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Anna Y. Park

Date: _4/24/19_            By: _____
                           Anna Y. Park
                           Attorney for Plaintiff EEOC

Littler Mendelson, P.C.

Date: _May 9, 2019_

By: _Ryan Eddings_
    Attorney for Defendant
    Pape Material Handling, Inc.

Date: _May 8 2019_

By: _TC Soder Pym_
    On Behalf of
    Pape Material Handling, Inc.

# [PROPOSED] ORDER

**GOOD CAUSE APPEARING:**

The Court hereby finds that compliance with all provisions of the foregoing Decree is fair and adequate. The Court hereby retains jurisdiction for the term of the foregoing Consent Decree, and the provisions thereof are hereby approved.

**IT IS SO ORDERED.**

DATED: 5/13/19 _____
The Honorable Anthony W. Ishii,
United States District Judge

**ATTACHMENT A**

**ATTACHMENT A**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Los Angeles District Office

255 E Temple Street, 4th Floor
Los Angeles, CA 90012
(213) 894-1000
TTY (213) 894-1121
FAX (213) 894-1118

## NOTICE OF SETTLEMENT AND CONSENT DECREE

TO:     ALL EMPLOYEES

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Eastern District of California against Pape Material Handling, Inc. ("Pape"), Case Number 1:17-cv-01291-AWI-BAM. EEOC filed this lawsuit alleging that Hispanic and/or Mexican employees were subjected to harassment. The EEOC and Pape settled the case by entering into a "Consent Decree" in which provides monetary relief to specific employees identified by the EEOC as well as various types of injunctive remedies including ensuring that policies and procedures against harassment conform to Title VII; hiring an outside monitor to assist with compliance with Title VII; training employees regarding harassment; creating a centralized system of tracking complaints; and providing EEOC with periodic reporting regarding the injunctive remedies. Pape did not admit to any wrongdoing and no Court found that Pape violated any law.

Under the Consent Decree, employees are being given notice that any violations of Pape's policies against harassment and discrimination will be thoroughly investigated. Individuals found to have violated that policy will be subject to discipline up to and including termination of employment. All employees will undergo training to correct and prevent unlawful harassment and discrimination towards employees.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment. Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

Pape is committed to complying with federal anti-discrimination laws in all respects. Harassment or discrimination will not be tolerated. Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participation in any manner in any investigation will be protected from retaliation.

If you believe that you have been harassed, discriminated against because of your sex, national origin, age, race, color, religion, or disability, you may follow Pape's procedures by contacting your supervisor and/or Human Resources at (541) 334-3453 and/or you may seek assistance from:

> U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> 255 East Temple Street, 4th Floor
> Los Angeles, CA 90012
> TELEPHONE NUMBER: (213) 894-1000